IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARL REYES,
   Plaintiff,

v.

JOHN WENDERLICH, Superintendent;
AMY FARNHAM, D.S.A;
JOHN DOE, Maintanence Worker;
J. VOHN HAGN, Nurse Administrator;
J. CLEMENT, Nurse;
K. WEAVER, Nurse;
LAWKO GOULD, Nurse;
K. WALSH, Nurse;
PRISON MEDICAL PROVIDER;
BEN OAKES, Doctor, Sued in their
individual and official capacities
   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COMPLAINT

CIVIL ACTION NO.
14 CV 6
Jury Trial Demanded



UNITED STATES DISTRICT COURT
FILED
JUN 1 9 2014
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

I. Introduction

1. This is a §1983 action filed by Plaintiff Earl Reyes, a state prisoner, alleging violation of his constitutional rights to protection from extreme cold and to receive medical care. Plaintiff seeks injunctive relief and money damages.

II. STATEMENT OF JURISDICTION

2. Jurisdiction of this Court is invoked ... pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution of the United States.

3. Jurisdiction of the Court is invoked ... pursuant to 28 U.S.C. §1343(a)(3) in that this

action seeks to redress the deprivation, under color of state law, of right secured by Acts of Congress providing for equal rights of ... persons within the jurisdiction of the United States.

4. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 2201.

## III. PARTIES TO THIS ACTION

5. Plaintiff Earl Reyes was confined in the Southport Correctional Facility, a state ... correctional institution, located at Pine City, New York 14871-2000, P.O. BOX 2000 from May 28, 2013 to March 28, 2014. Plaintiff is currently confined at Attica Correctional

Facility, located at 639 Exchange St. Attica, New York, 14011-0149.

6. Plaintiff Earl Reyes is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the state of New York.

7. Defendant John Wenderlich was at all times relevant to this action the Superintendent of Southport Correctional Facility and was acting under color of state and federal law. As superintendent of the prison, defendant manages its day to day operations and executes its policies. D.O.C. policy provides that

every effort will be made to repair any inoperable heating equipment by October 15th of each year. He is being sued in his individual and official capacities.

8. Defendant Amy Farnham was at all times relevant to this action the Deputy Superintendent of Administrations is in pertinent part responsible for overseeing the Maintanence Dept.. She is being sued in her individual and official capacities.

9. Defendant John Doe was at all times relevant to this action the Maintanence worker responsible for responding

to the 12 gallery November through Jan.
2013-14 work orders. He is being sued
in his individual and official capacities.

10. Defendant Jane Vohn Flagn was at all
times relevant to this action the Nurse
Administrator responsible for overseeing
and supervising the medical staff in supplying
medical care to prisoners at Southport.
She is being sued in her individual and
official capacities.

11. Defendant Jeremy Clement was at
all times relevant to this action the
nurse instructed to make medical assess-
ments and plans for diagnosis and health

Care treatment. He is being sued in his ...

individual and official capacities.

12. Defendant Kate Weaver was at all times relevant to this action the nurse instructed to make medical assessments and to make plans for diagnosis and health care treatment. She is being sued in her ... individual and official capacities.

13. Defendant Zawko Gould was at all times relevant to this action the nurse instructed to make medical assessment plans for ... diagnosis and health care treatment. She is being sued in her individual and ... official capacities.

14. Defendant Prison Medical Provider (PMR), is a private New York Corporation which has been at all times relevant, and under Contract with D.O.C. to provide medical care and services to inmates confined in S.C.E., including Earl Reyes. PMR is being sued in both capacities.

15. Defendant K. Walsch was at all times ... relevant as a nurse employed by PMR. She is being sued in her individual and official Capacities.

16. Defendant Ben Oakes was at all times ... relevant as a physician employed by PMR. He is being sued in his individual and ... official capacities.

## IV. EXHAUSTION OF AVAILABLE REMEDIES

17. Plaintiff exhausted his available remedies before filing this complaint.

## V. FACTUAL STATEMENT

18. On or about October 20, 2013 Plaintiff and several other inmates stopped defendants Wenderlich, and Farnham to inform them that the heating system was inoperable in 12 gallery where Plaintiff was housed.

19. The defendants, Wenderlich and Farnham made observations and stated that they would send Maintenance to fix the heat.

20. On or about October 25, 2013 defendant Maintenance worker John Doe arrived at 12 gallery and told Plaintiff and others

that he would have to go on the roof-top in order to fix the problem, that it was very cold outside and will wait until there is warmer weather to fix it, defendant Doe then walked away.

21. On or about Oct. 28, 2013, Plaintiff and others housed in 12 gallery informed defendants Wenderlich and Farnham that according to state policy the heat is to be turned on or operational by Oct. 15 of each year.

22. Defendants did not respond and continued walking.

23. On or about Nov. 10, 2013, Plaintiff and others demanded defendants Wenderlich

and Farnham to fix the heat.

24. Defendant Wenderlich stated that it was cold outside what do you expect, then walked away.

25. Plaintiff and others repeatedly sought assistance from all staff that made rounds about the below-freezing temperatures.

26. Plaintiff and others housed in 12 gallery were reffered to defendants Wenderlich, Farnham and Doe.

27. On or about December 2, 2013, Plaintiff and others filed or submitted grievances requesting that the heat be fix or in the alter-native that Plaintiff and others be moved

to a gallery where the heating system was operational and at the very least to be provided with thermal underwear and extra blankets to combat the cold.

28. Upon information and belief only two inmates received responses (13 and 14 cell, on or about Dec. 13, 2013), Plaintiff received no response.

29. On or about Dec. 20, 2013, Plaintiff and others questioned grievance officer H. Martin in regards to the status of grievances based on the below-freezing temperatures.

30. Grievance officer H. Martin told the

Plaintiff others that she has not received said grievances and advised Plaintiff and other inmates housed in 12 gallery to file again.

31. On or about Jan. 1st, 2014 Plaintiff and others stopped defendants Wenderlich and Farnham to request that we be provided with extra blankets, long underwear or to be moved to another gallery where the heating system was operational.

32. As to Plaintiffs claim in paragraph 31, defendants Wenderlich and Farnham denied Plaintiff's request.

32. Upon information and belief there were at all times during the winter of 2013-14

numerous galleries with empty cells where heating systems were working.

32. On or about Jan. 20, 2014, Plaintiff and others stopped defendants Wenderlich and Farnham while making rounds to inform them that the cold is too extreme its become impossible to perform simple daily activities, and that even with all our clothes on it was still to cold.

33. Defendants Wenderlich and Farnham made jokes and told Plaintiff and others that well make it and that the heat would probably get fixed when the weather starts warming up because maintenance

workers need to go outside and on the roof of the prison to fix it, it would be too cold for the workers to be up there, and said don't you know there are record low temperatures. soon after defendants Wenderlich and Farnham walked away.

34. On or about Feb 18, 2014, Plaintiff and others filed grievances complaining amongst other things about the frigid temperatures on 12 gallery, and that staff has refused to fix the heat.

35. On March 6, 2014 two maintenance workers while making observations on 12 gallery stated that the windows had poor

insulation.

36. On or about March 13, 2014 Plaintiff received a response from defendant Wenderlich stating in part that this issue has been addressed to Maintenance and they are working to resolve the issue.

37. On March 20, 2014 Plaintiff appealed defendant Wenderlich's response, stating policy states every effort shall be made to repair inoperable heat systems by Oct, 15. Superintendent did not do that nor did he provide adequate clothing to combat the cold, nor did he move Plaintiff.

38. On Jan. 21, 2014, Plaintiff sent a medical kite to the Health Administrator (Vonhagn) informing her about pain and suffering from lesions on his testicles and other medical problems, he also asked her for consideration and relief in regards to the nurses non-responses to Plaintiffs sick call requests.

39. Plaintiff did not receive a response... from said Kite.

40. On February 2, 2014, Plaintiff sent another medical kite to defendant Vonhagin complaining about amongst other things that he was being denied medical attention by most of the nursing staff including

defendants K. Weaver and K. Walsh who would not
stop at plaintiff's cell to respond to his side-
call requests, and that he believes that the
medical staff are playing the role of "gatekeep"
in deciding which inmates receive medical
attention.

41. Plaintiff again received no response
back from defendant Vonhagn.

42. On February 11, 2014, Plaintiff complained
to nurse/defendant J. Clement of pain in
his groin area and other medical problems
he also asked to see the doctor as an emergency.

43. Defendant J. Clement told Plaintiff
we'll see and walked away.

44. As to paragraph 42 & 43 the Plaintiff's request was denied.

45. On February 12, 2014, Plaintiff stopped defendant J. Clement while making rounds and again told him that he has a medical emergency and needs to see a doctor.

46. Nurse/defendant J. Clement told Plaintiff well get to you and denied Plaintiff's request.

47. On February 14, 2014, Plaintiff requested to be seen by nursing staff via sick-call request form dated Feb 13, 2014.

48. A male nurse who's name is unknown to Plaintiff at this time, informed

Plaintiff that he was on the list to see the doctor.

49. On Feb. 18, 2014, the doctor visited 12 gallery to see other inmates and would not see the Plaintiff.

50. On Feb 19, 2014, Plaintiff submitted a grievance complaining amongst other things that he was being denied medical care at South-port Facility due to gatekeeping, and stated that he needed medical attention due to pain in groin area.

51. On Feb 26, 2014, defendants J. Clement and Goerld stopped to see Plaintiff due to sick call request dated Feb. 25, 2014.

52. Plaintiff told Defendants J. Clement and Z.Go Zgould that he was experiencing pain in his... genitals and that he needs pain medication and to see a doctor as an emergency. Plaintiff also requested medication for his left toe which was infected with fungis.

53. Defendant J. Clement addressed only the fungal issue, to state that he would not provide Plaintiff with any medication for it.

54. Defendant J. Clement did not document Plaintiff's request for emergency medical attention in Plaintiff's medical records for Feb. 25, 2014.

55. On Feb. 26, 2014, Plaintiff requested to be seen
at sick call via request form dated Feb. 25, 2014,
complaining of pain in his genitals, requesting
pain medication and to see the doctor as
an emergency. Plaintiff also requested
antibiotics for his infected left toe.

56. As to Plaintiff's request in paragraph
55, defendant J. Clement denied Plaintiff's
request and did not document Plaintiff's
request for emergency medical attention
due to pain in his genitals.

57. On Feb. 27, 2014, Plaintiff requested to be
seen at sick call via request form dated Feb.
26, 2014, to complain that he has been experiencing

pain for months and that the pain has become unbearable, Plaintiff also wrote that he needs to see the doctor as an emergency and that he is not being taken seriously, he is being ignored and as a result being denied medical attention.

58. Defendant J. Clement and Z. Goad would not stop to see Plaintiff on Feb. 27, 2014, and wrote on the medical records that they did stop alleging that Plaintiff was under the covers.

59. On Feb. 28, 2014, Plaintiff requested to be seen at sick call via request form dated Feb. 27, 2014 that stated he has unbearable

pain, is having trouble doing daily activities
and needed to see a doctor so he could atleast
get some pain medication. Plaintiff also
stated that the pain was so severe that he
sometimes passes out, so please stop don't just
rush past my cell like has been done.

60. Plaintiff also requested a list of all
names of the medical staff at Southport
and to review his own records on the same
sick call request form dated Feb. 27, 2014.

61. Defendant J. Clement did not assess
or even document the Plaintiff's request
completely omitting the request on his medical
records except said request was somehow received

by defendant K. Weaver for the purpose of answering to the request for review of medical records, which was requested on the sick-call request form dated Feb. 27, 2014.

62. On or about March 3, 2014, Plaintiff received an endorsed response to the ... information requested on the sick call request form dated Feb. 27, 2014, by defendant K. Weaver along with the original sick-call request form solely to deny Plaintiff's request for information and discarded his medical needs.

63. On March 7, 2014, Plaintiff requested to be seen at sick call via sick call request

form dated March 6, 2014, requesting to see the
health care provider as an emergency due to
pain in his genitals.

64. As to Plaintiff's request in paragraph 63
it was ignored and not even documented in
his medical file.

65. On March 10, 2014, Plaintiff received a
response from grievance dept., due to a grie-
vance filed on Feb. 19, 2014 complaining about
amongst other things pain in his groin and
that he requested to see a doctor as an
emergency, also that he was being denied
medical care at Southport.

66. The grievance departments response

discarded the issue of Plaintiff's pain in groin area and addressed only one other medical concern and stated that the Plaintiff's medical concerns have been addressed.

67. On March 10, 2014, Plaintiff appealed the grievance departments determination to the Superintendent.

68. On March 11, 2014, Plaintiff request to be seen via sick call request form dated March 11, 2014, informed defendant Z. Board that he is having pain and that his gums are swollen. Plaintiff also requested emergency medical attention and pain medication.

69. As to claim in paragraph 68, defendant Z. Gocha denied Plaintiff's request for emergency ... Medical attention and did not document his request for emergency medical attention.

70. On March 11, 2014, defendant Z. Gocha told Plaintiff that he was on the list to see the doctor. Upon doctors arrival to A-block, Plaintiff asked the accompanying escort officer if he was on the list to see the doctor. The officer replied that he was not on the list.

71. On March 12, 2014, Plaintiff informed Counselor Klatt that he's still havent been seen by a doctor, although,

he has requested emergency medical attention
and is now experiencing pain and swelling in
his gums.

72. Counseler Klatt told Plaintiff that she
may be able to get Plaintiff to see a
dentist.

73. Due to Counseler Klatt's assistance
Plaintiff was able to see the dentist.

74. On March 12, 2014, the dentist took x-rays
of Plaintiff's swollen gums were caused by
a sinus infection that is spreading and not
his teeth.

75. The dentist also told Plaintiff that
he must request to see a doctor in order

to be sent out for a Kat-scan. The dentist also stated that surgery may be required and noted that the x-rays revealed a black cloud in the sinus area. The dentist then gave the Plaintiff one week supply of medication for infection and pain and stated that he could not fill cavities due to his infection.

76. On March 17, 2014 Plaintiff requested to be seen at sick call via sick call request form dated March 16, 2014 stating that he has sharp pain in his genitals due to bumps that have grown on them and requested to see the doctor as an emerg-ency to at least assess the pain and cause

of said pain. Plaintiff also informed defendant J.

Clement of his sinus infection and the need

to see a doctor that he needs to see him to

inform that the dentist advised Plaint-

iff to request a Kat-scan.

77. As to the Plaintiff's claims in paragr-

aph 76, defendant J. Clement denied

his request.

78. Plaintiff then told defendant J.

Clement that he's been complaining

for atleast a month about bleeding gums

and now he has a fall blown infection.

Plaintiff also told J. Clement that he

has been requesting emergency medical

attention for his genital pain for months
and his condition is worsening.

79. Defendant J. Clement walked away and
returned with Dr. Oaks to attend to
inmates on the same gallery that Plaintiff
was housed in.

80. Plaintiff then asked the escort officers
as they were bringing other inmates to see
the doctor if he could be seen by the
doctor.

81. Escort officer then told the Plaint-
iff that he was not on the list and
therefore could not be seen.

82. On March 19, 2014, Plaintiff requested to be seen at sick call via request form dated ... March 18, 2014, to request to see the doctor as an emergency.

83. As to claims in paragraph 82 defendant J. Clement denied Plaintiffs request.

84. Plaintiff also informed defendant J. Clement that in effect he is being put at risk and questioned him as to why Plaintiff couldn't receive pain medication or assessment.

85. Defendant J. Clement did not answer and walked off.

86. On March 20, 2014 Plaintiff requested emergency sick call via sick call request ...

form dated March 19, 2014, to request emergency medical attention due to severe pain and sinus infection, that may require surgery. Plaintiff also informed defendant Walsch, who was escorted by C.O. Miller, that he has been requesting emergency medical attention for sometime and has been unsuccessful, and requested medication for fungis in his crotch area.

87. Defendant Walsch told Plaintiff that it is written down that Plaintiff refused medical attention.

88. Plaintiff told defendant Walsch that he has not denied medical care

and to the contrary has been seeking medical
care.

89. Plaintiff then informed escorting
officer C.O. Miller in defendant Walsch'
presence that he is requesting emergency
medical attention through him because
the nursing staff are ignoring his
requests.

90. As to Plaintiff's claim in paragraph
88 & 89 defendant Walsch denied his
request.

91. At this point upon information and
belief the nursing staff are conspiring
together to retaliate due to institution

92 grievances that he has filed and are in fact
commiting fraudulent acts by documenting
that Plaintiff refused medical attention.

92.
92. On March 21, 2014, Plaintiff requested to
be seen at sick call via request form dated
March 21, 2014, to request emergency medical
attention.

93. As to Plaintiffs Claims in paragraph 92,
defendant Z. Goald denied his request
and did not document that Plaintiff
requested emergency medical attention in
his medical records.

94. On March 12, 2014, Plaintiff was seen
at sick call by defendant J. Clement

to request amongst other things emergency
medical attention.

95. As to ~~the~~ Plaintiffs claim in paragr-
aph 94 defendant J. Clement denied his req-
uest and although medical records noted that
medication was provided for fungis in crotch area
Plaintiff never actually received it.

96. On March 24, 2014, Plaintiff was seen
by defendant Ben. Oakes.

97. Plaintiff informed defendant Ben. Oakes
of pain in genitals, and sinus infection.

98. Defendant Ben Oakes noted bumps on scrotum
and told Plaintiff that he does not know
what he is talking about in regards to sinus

infection and that the dentist who examined x-rays

also did not know anything.

99. Plaintiff requested pain medication.

100. As to Plaintiffs claim in paragraph 99

defendant Ben Oake denied his request.

CAUSES OF ACTION
Count I

Plaintiff was subjected to cruel and unusual punishment in violation of the eighth amendment to the ... constitution

101) Plaintiff incorporates paragraphs 1 through 9 & 17-38 as they were fully stated herein.

102) Defendants Wenderlich, Farnham and Doe violated Plaintiff's eight amendment right to be free from cruel and unusual punishment by failing to protect ... Plaintiff from exposure from freezing and below freezing temperatures for such a prolonged period of time as to cause severe discomfort.

103) Defendants Wenderlich, Farnham and Doe were deliberately indifferent to Plaintiff's basic necessities by failing to act to remedy said conditions and to be housed in a gallery with an operable heating system or provide long underwear and extra

blankets to combat the cold. Defendants had knowledge of unconstitutional conditions and of the substantial risk for serious harm. Defendants were in position to do what was reasonable to prevent exposure to said conditions and refused to do their duty.

Count II
Plaintiff was denied his constitutional right to medical care

104) Defendant J. Clement failed to provide needed medical treatment, despite his knowledge of Plaintiff serious medical needs, constituted deliberate indifference to Plaintiff serious medical needs.

105) The refusal of defendant Ben. Oakes to provide needed medical treatment for Plaintiff serious medical needs, that obviate medical attention constituted deliberate indifference to Plaintiff serious medical needs. Plaintiff suffered further injury and physical and emotional pain and injury.

106) Defendant Prison Medical Providers have a policy or custom disregard and

gatekeeping emergency sick call requests for medical care and fail to properly train and supervise the subordinate medical staff, allowing for continued existence of said conditions, constituting a deprivation of Plaintiff's constitutional right to medical care.

107) Defendant Vonhagn was following the policy or custom of Prison Medical Provider when she disregarded numerous kites and grievances requesting care for his serious medical need constituting a deliberate indifference to Plaintiff's serious medical needs.

108) Defendant K. Weaver was following the policy or customs of Prison Medical Providers when she disregarded Plaintiff's sick call request for medical care, failing to provide care for Plaintiff's serious medical needs, constituting a deliberate indifference to Plaintiff's serious medical needs.

109) Defendant K. Walsh failed to provide needed medical treatment, and to have doctor assess pain or provide medication, instead defendant was ···

deliberately indifferent to Plaintiff's serious medical needs.

110) Defendant Z. Gould failed to provide needed medical attention for Plaintiff's serious medical needs constituting a deliberate indifference to Plaintiffs serious medical needs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Declare that defendants Wenderlich, Farnham and Doe violated Plaintiff's Eigth Amendment rights when they failed to provide basic necessities and to protect Plaintiff from the substantial risk of serious harm.

B. Declare that defendants Vonhagn, J. Clement, K. Weaver, Z. Gould, Ben Oakes, K. Walsch and Prison Medical Provider ... violated Plaintiff's ~~are~~ Eigth Amendment right to medical care.

C. Issue an injunction requiring that defendants Prison Medical Providers

Make referrals to the required specialists for needed treatment.

D. Award compensatory damages for Plaintiff's physical and emotional injuries, and punitive damages against each defendant; and

E. Grant Plaintiff such other relief as the Court determines Plaintiff is entitled to.

Earl Reyes
Carl Reyes
June 1, 2014
Attica C.F.
639 Exchange St.
Attica, N.Y. 14011-0149

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___June 1, 2014___
                     (date)

NOTE:   *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____

_____
                    Signature(s) of Plaintiff(s)

7

Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET.** See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**A.**    **Full Name And Prisoner Number of Plaintiff:**  NOTE:  *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1._____

2._____

-VS-

**B.**    **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of **all** parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.  If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1._____    4. _____

2._____    5. _____

3. _____    6. _____

### 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States.  This action is brought pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:_____

Present Place of Confinement & Address:_____

_____

_____

Name and Prisoner Number of Plaintiff:_____

Present Place of Confinement & Address:_____

_____

_____

**DEFENDANT'S INFORMATION  NOTE:** *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: _____

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity

Address of Defendant: _____

_____

Name of Defendant: _____

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity

Address of Defendant: _____

_____

Name of Defendant: _____

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity

Address of Defendant: _____

_____

## 4.  PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.     Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**
          Yes____  No ✓

If Yes, complete the next section.  NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.     Name(s) of the parties to this other lawsuit:

          Plaintiff(s): _N/A_____

          Defendant(s): _N/A_____

          _____

2.     Court (if federal court, name the district; if state court, name the county): _____

          _____

3.     Docket or Index Number: _____ N/A _____

4.     Name of Judge to whom case was assigned: _____

2

5.   The approximate date the action was filed: _N/A_____

6.   What was the disposition of the case?

   Is it still pending?  Yes____  No____

            If not, give the approximate date it was resolved. _____

   Disposition (check the statements which apply):

   ____ Dismissed (check the box which indicates why it was dismissed):

            ____  By court *sua sponte* as frivolous, malicious or for failing to state a claim
                  upon which relief can be granted;

            ____  By court for failure to exhaust administrative remedies;

            ____  By court for failure to prosecute, pay filing fee or otherwise respond to a court
                  order;

            ____  By court due to your voluntary withdrawal of claim;

   ____ Judgment upon motion or after trial entered for

            ____ plaintiff

            ____ defendant.

**B.**   Have you begun **any other lawsuits in federal court** which **relate to your imprisonment**?

            Yes _✓_   No ___

**If Yes, complete the next section.**  NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment,*
*use this same format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

            Plaintiff(s): _Earl Reyes,_____

            _____

            Defendant(s): _Dale Artus._____

            _____

2.   District Court: _Southern_____

3.   Docket Number: _10-CV-07379-RO-MHD_____

4.   Name of District or Magistrate Judge to whom case was assigned: _Michael H. Dolinger_

            _____

5.   The approximate date the action was filed: _June 1, 2020_____

6.   What was the disposition of the case?

   Is it still pending?  Yes _✓_ No____

            If not, give the approximate date it was resolved. _N/A_____

3

_____ Disposition (check the statements which apply):

_____ Dismissed (check the box which indicates why it was dismissed):

_____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

_____ By court for failure to exhaust administrative remedies;

_____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

_____ By court due to your voluntary withdrawal of claim;

_____ Judgment upon motion or after trial entered for

_____ plaintiff

_____ defendant.

## 5.  STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983.  (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action.  You **must** include a statement of the facts which you believe support each of your claims.  In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted.  Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).  **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

4