UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EARL REYES,

                              Plaintiff,

         v.

JOHN WENDERLICH, et al.,

                          Defendants.

_____

                        DECISION & ORDER

                        14-CV-6338G

        Plaintiff Earl Reyes ("Reyes"), acting *pro se*, filed a complaint asserting claims

under 42 U.S.C. § 1983, against several defendants employed by the New York State

Department of Corrections and Community Supervision ("DOCCS").  (Docket # 1).  Reyes's

claims stem from his incarceration at Southport Correctional Facility between October 2013 and

March 2014.  (*Id.*).  Specifically, Reyes asserts a claim relating to the conditions of his

confinement at Southport during the relevant period, maintaining that the temperature in his

cellblock was impermissibly cold due to a non-functional heating system.  (*Id.*).  This claim is

asserted against defendants John Wenderlich ("Wenderlich"), Amy Farnham ("Farnham"), and

David Morgan ("Morgan") (collectively, the "conditions of confinement defendants").  (*Id.* at

¶¶ 101-03).  Reyes also asserts that defendants J. Clement ("Clement"), Ben Oakes ("Oakes"), J.

vonHagn ("vonHagn"), K. Weaver ("Weaver"), Z. Gould ("Gould"), and K. Walsh[1] ("Walsh")

(collectively, the "medical defendants") were deliberately indifferent to his medical needs.  (*Id.*

at ¶¶ 104-10).

_____

      [1]  It appears that K. Walsh has not been served with a copy of the summons and complaint.  Reyes also
sued "Prison Medical Provider," but this defendant was dismissed from this action.  (Docket ## 1, 3).

Currently pending before this Court is Reyes's motion for an order to compel further responses to interrogatories, document requests, and requests for admission.  (Docket # 55).  Also pending are Reyes's motions to authorize depositions upon written questions of various witnesses.  (Docket ## 58, 64).

## I.      Motion to Compel

According to Reyes, on December 15, 2015, he served the conditions of confinement defendants with a set of 25 interrogatories each (totalling 75 requests), 14 document requests, and approximately 59 requests for admission.  (Docket # 55 at 5, ¶ 2 and Appendix ("App.") A).  The conditions of confinement defendants responded to the discovery demands on March 15, 2016.  (Docket ## 45; 48; 49; 55 at 5, ¶ 4 and App. B).  On December 15, 2015, Reyes also served the medical defendants with approximately 112 interrogatories, 7 documents requests, and 64 requests for admission.  (Docket # 55 at 5, ¶ 2 and App. A).  The medical defendants' responses were also served on March 15, 2016.  (Docket ## 46; 47; 50; 55 at 5, ¶ 4 and App. B).  Reyes has raised issues with respect to the majority of the responses.  (Docket # 55).  He also seeks $50 in expenses.[2]  (*Id.* at 3).

On March 16, 2016, Reyes wrote a one-page letter to counsel for defendants expressing general concerns regarding the discovery responses and requesting a conference.  (Docket # 55 at App. C).  Counsel for defendants responded on March 22, 2016, explaining the basis for a variety of their objections and requesting that Reyes specify any particular requests and responses in dispute.  (Docket # 55 at App. D).  Given the substantial number of discovery responses, totalling approximately 190 pages, counsel for defendants requested that Reyes

---

[2]  Reyes also requested a stay of the proceedings until the pending motion is resolved.  (Docket # 55 at 35).  Defendants did not oppose that request, and the Court granted it.  (Docket # 56).

specify particular responses at issue prior to arranging a conference. (*Id.*). Rather than provide

the requested specificity, Reyes filed the pending motion on May 24, 2016. (Docket # 55 at 7).

Defendants have opposed the motion, maintaining that Reyes failed to adequately

confer prior to filing the pending motion. (Docket # 60 at ¶¶ 20-37). Additionally, defendants

maintain that their responses to the discovery requests were adequate and appropriate. (*Id.* at

¶¶ 38-169).

A.    **Failure to Confer**

Having reviewed the requests, responses, and the parties' submissions, I find that

Reyes failed to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure because he

made no meaningful effort to resolve or narrow his discovery disputes with defendants prior to

filing the motions. *See* Fed. R. Civ. P. 37(a)(1) ("[t]he motion must include a certification that

the movant has in good faith conferred or attempted to confer with the person or party failing to

make disclosure or discovery in an effort to obtain it without court action"). Although Reyes

sent a letter to counsel for defendants raising general concerns about defendants' responses and

objections, Reyes did not make any effort to identify the discovery disputes with specificity,

despite defendants' request that he do so. Simply stated, Reyes's single-page letter identifying

his vague and general concerns was insufficient to fulfill his obligation to confer with opposing

counsel in good faith prior to filing this motion. His delinquency is especially glaring because

Reyes apparently has very specific disputes with the majority of defendants' numerous,

individual responses. Reyes's failure to comply with Rule 37 warrants denial of his motion in its

entirety, including his requests for costs. *See Brown v. Clayton*, 2013 WL 1409884, *2

(D. Conn. 2013) ("[t]he failure to follow the meet and confer requirement is a sufficient basis for

denying the motion to compel").

Despite the absence of any meaningful conferral, defendants have provided a lengthy, detailed response to Reyes's concerns, presumably in an attempt to narrow the issues pending before the Court.  (Docket # 60).  At this time, Reyes's conferral obligations require him to respond to defendants' submission and, considering defendants' explanations, respond to those explanations with particularity in order to identify any remaining disputes.  Although the conferral process has not yet been completed, given the extensive submissions relating to the disputes, the Court will attempt, where possible, to narrow some of the issues in order to assist the parties' conferral process.

B.      **Responses to Document Demands (Docket ## 49, 50)**

Reyes generally objects to defendants' responses to document requests to the extent they indicate that defendants would search for and produce responsive documents and failed to indicate whether responsive materials were being withheld based upon objections.  (Docket # 55 at 8).  Reyes also maintains that defendants improperly objected to certain phrases or assumptions contained in several requests (Docket ## 49 at ¶¶ 1, 2, 3, and 4; 50 at ¶ 3).  Finally, Reyes maintains that defendants have failed to produce a document executed by Farnham regarding heating system repairs that was provided to another prisoner.  (Docket # 55 at 6, ¶¶ 11 and 8).

In response, defendants maintain that they have produced documents responsive to Reyes's demands, although some of the documents were produced prior to Reyes's demands as part of the initial mandatory disclosures.  (Docket # 60 at ¶ 54 (citing Docket ## 23, 30, 53 and 54)).  According to defendants, they have produced approximately 1,244 pages of documents.  (*Id.* at ¶¶ 40-41).  Additionally, defendants explained their specific objections to certain phrases and assumptions and maintained that those objections were appropriate; in any

event, they have not withheld any documents on the basis of such objections. (Docket # 60 at

¶¶ 51-53, 62). I find that defendants have properly responded to Reyes's general disputes. To

the extent Reyes is not satisfied with defendants' further explanations, he must specifically

identify why defendants' explanations have not resolved his concerns.

It does not appear that defendants have responded to Reyes's request for the

document authored by Farnham. Accordingly, defendants should search for and produce the

document, or confer further with Reyes to the extent they are unable to do so.

### 1.    Grievances and Disciplinary Records

Several of Reyes's requests seek grievances, complaints or lawsuits against the

defendants, along with related documents. (Docket ## 49 at ¶¶ 2, 3, 10; 50 at ¶ 3). Specifically,

Reyes sought all grievances and correspondence relating to the heating system on 12 Gallery A

Block during the relevant period. (Docket # 49 at ¶¶ 2-3). Reyes also requested grievances,

complaints, lawsuits or disciplinary action taken against each defendant. (Docket ## 49 at ¶ 10;

50 at ¶ 3). With respect to the medical defendants, Reyes specifically requested any grievances

or complaints relating to denial of medical treatment. (Docket # 50 at ¶ 3).

In response, defendants maintain that they have produced documents related to

the complaints regarding the heat on A Block 12 Gallery and that they would search for and

produce any additional documents relating to such complaints. (Docket # 49 at ¶¶ 2-3 (citing

Docket # 23 at Exhibit C)). Thus, it appears that defendants have searched for and produced

responsive documents. To the extent Reyes continues to dispute the adequacy of the response to

these requests, he must confer with defendants and identify any specific concerns.

With respect to grievances, complaints and lawsuits against them, defendants

objected to the requests on the grounds that it would be unduly burdensome to search for and

produce grievances because grievances are filed by inmate name, as opposed to subject matter. (Docket ## 49 at ¶ 10; 50 at ¶ 3). Instead, with respect to the conditions of confinement defendants, they agreed to produce records of any disciplinary events taken against the officers relating to truth and veracity or to conditions of confinement. (Docket # 49 at ¶ 10). With respect to the medical defendants, they agreed to search for and produce records reflecting any lawsuits against the defendants relating to the denial of medical treatment and also referred Reyes to the PACER system to identify lawsuits against those defendants. (Docket # 50 at ¶ 3).

Reyes's request for all grievances against the defendants is overly broad and not proportional to the needs and issues raised by this litigation. *See Willey v. Kirkpatrick*, 2011 WL 4368692, *5 (W.D.N.Y. 2011) ("[a]s this Court has previously held, the burden of searching all inmates' files for grievances against specific defendants is unduly burdensome") (citing *Melendez v. Falls*, 2010 WL 811337, *4 (W.D.N.Y.2010)). It appears that defendants have produced all documents relating to grievances concerning the heating system during the relevant time period. To the extent they have not, they are directed to do so. Defendants have represented that the conditions of confinement defendants' personnel files have been reviewed and no complaints or disciplinary actions relating to either truth and veracity or conditions of confinement existed within those files. Defendants are directed to review the medical defendants' personnel records and produce any complaints or disciplinary actions relating to either truth and veracity or denial of medical treatment. Further, defendants are directed to search for and produce any documents within their possession, custody, or control identifying any lawsuits against any of the defendants relating to either conditions of confinement or denial of medical care.

###### 2.      Contact Information

Reyes requests the contact information for several non-parties.[3]  (Docket # 49 at

¶ 12).  Specifically, Reyes requests the contact information for other inmates who filed

grievances complaining about the heat on A Block, Gallery 12 during the relevant period.  (*Id.*).

Defendants have refused to respond to this request on the grounds that it does not seek

documents and because the provision of such information would constitute a security risk.  (*Id.*).

Although the Court agrees that providing contact information for other inmates

may present security concerns under certain circumstances, these individuals are likely to have

information that is relevant to the lawsuit.  "Balancing the need to maximize the plaintiff's

access to sources of probative evidence and the security concerns raised by the defendants, the

court will not require the defendants to supply the inmates' addresses and telephone numbers."

*Demaille v. Nassau County*, 2009 WL 791264, *1 (E.D.N.Y. 2009).

Discovery is now closed, and the purpose for which Reyes seeks the contact

information for these defendants is unclear.  The parties should confer on this issue.  To the

extent Reyes simply wishes to subpoena these witnesses for trial, that matter may be addressed

with the trial judge.  To the extent that Reyes wishes to communicate with these individuals in

connection with pretrial motions, including summary judgment motions, he should confer with

defendants' counsel to agree on a method that will balance Reyes's desire to communicate with

witnesses without jeopardizing legitimate security concerns.  *See*, *e.g.*, *Demaille v. Nassau*

*County*, 2009 WL 791264 at *1 (permitting plaintiff to provide written questions for inmate

witnesses to counsel for defendants for forwarding to each inmate's last known address).

---

[3]  Reyes also sought contact information for K. Walsh in order to effect service upon her.  (Docket # 50 at
7).  On October 6, 2016, this Court granted this request and directed that service be made on defendant Walsh.
(Docket # 68).

### 3.     Remaining Requests

As noted above, with respect to the remaining disputes regarding defendants' responses to the document requests, it appears that defendants have responded to the requests and provided an explanation for their responses.  (Docket ## 49 at ¶¶ 4-9, 11, 13-14; 50 at ¶¶ 1-2, 5-6; 60 at ¶¶ 38-73).  Accordingly, to the extent Reyes is not satisfied with defendants' responses and further explanations, he must communicate to defendants, with specificity, the reasons why defendants' explanations have not resolved his concerns.

### C.     Responses to Interrogatories (Docket ## 45, 46)

Having reviewed the parties' submissions relating to defendants' interrogatory responses, I find that the overwhelming majority of identified disputes have not been properly addressed through an adequate conferral process.  Nonetheless, certain of the disputes are addressed below in order to assist the parties.

### 1.     Contention Interrogatories

Several of Reyes's interrogatories request defendants to indicate whether they assert a particular contention and, if so, to state all facts and identify all documents used in making that contention.  (*See*, *e.g.*, Docket ## 45, 46, Interrogatory Nos. 10, 11 (Wenderlich and Farnham), 18-22 (Morgan)).  Because defendants often did not make the particular contention articulated by Reyes, they did not identify any facts or documents in support of the contention in response to Reyes's interrogatories.  Reyes maintains that these responses are deficient.  I disagree.  Defendants cannot be compelled to identify facts or documents to support contentions that they do not in fact make.

## 2.      Duties

Several of Reyes's interrogatories request that defendants describe their

employment duties.  (Docket ## 45, Interrogatory No. 14 (Wenderlich); 46, Interrogatory No. 1

(vonHagn, Clement, Oakes, Gould, Weaver)).  Defendants objected to the interrogatories as

vague and overbroad, but failed to provide a narrative description of their duties.  To the extent

that these requests seek information about their duties pertaining to the issues in this litigation,

they are relevant and should be answered.

## 3.      Personal Relationships

Several of Reyes's interrogatories seek information regarding an alleged

relationship between two of the defendants.  (Docket # 46 at Interrogatory Nos. 17-19 (Clement,

vonHagn).  Defendants objected to these requests and declined to answer them.  Reyes maintains

that defendants should be required to provide answers to these interrogatories.  (Docket # 55 at

16).  I disagree.  Reyes has failed to explain any relevance that this alleged relationship might

have to the issues in this litigation.  In the absence of such an explanation, defendants are not

required to answer these interrogatories.

## 4.      Convictions

Reyes has requested that Wenderlich identify any previous criminal convictions.

(Docket # 45, Interrogatory No. 19 (Wenderlich)).  Wenderlich objected to this request on the

grounds that it was overbroad and sought irrelevant information.  Subject to those objections,

Wenderlich responded that he had not been convicted of any felonies.  Reyes objects to this

response, maintaining that he is entitled to information relating to all prior convictions.

Although I disagree that Reyes is entitled to inquire regarding all prior convictions, I agree with

Reyes that Wenderlich's response is too limited.  Wenderlich should supplement his answer to

provide information relating to any offense involving dishonesty or false statements as

contemplated by Rule 609 of the Federal Rules of Evidence.  *See Torcasio v. New Canaan Bd. of*

*Educ.*, 2016 WL 299009, *2 (D. Conn. 2016).

###### 5.   Remaining Requests

Reyes maintains that several of defendants' objections are invalid.  (Docket # 55

at 14, 16-17).  According to Reyes, to the extent his interrogatories contain incorrect factual

assumptions, defendants should be required to respond to them as if they pose hypothetical

questions.  Reyes is mistaken.  *See Woodward v. Mullah*, 2010 WL 3023117, *7 (W.D.N.Y.

2010) ("interrogatories calling for an opinion based on hypothetical facts are improper")

(quotation omitted).  Reyes also maintains that defendants improperly objected on the grounds of

vagueness and overbreadth without explanation.  Although I agree with Reyes that the parties

will have to confer to discuss the appropriate scope of his interrogatories, I do not agree that

defendants' objections were not properly asserted.

As stated above, the remaining disputes regarding the interrogatory responses

require the parties to adequately confer prior to raising them with the Court for resolution.  For

several interrogatories, defendants objected and did not provide a response.  (*See*, *e.g.*, Docket

## 45 at Interrogatory Nos. 15 (Wenderlich), 16 (Morgan); 46 Interrogatory Nos. 11-13

(Clement, vonHagn), Interrogatory Nos. 19-20 (Oakes)).  With respect to those interrogatories,

the parties need to discuss defendants' objections and determine whether there is particular

information sought by Reyes that can be provided by defendants.  Interrogatory No. 14

propounded to vonHagn requested that he identify the block nurse who was made aware of

Reyes's concerns.  (Docket # 46 at 9).  vonHagn responded that he was unable to recall the

nurse, yet Reyes maintains that documents produced by defendants identify the nurse.  (Docket

# 55 at 13).  The parties should confer regarding this interrogatory to determine whether Reyes

still needs the information.

        Clement objected to Interrogatory Nos. 14-16 on the grounds that the

interrogatories contained incorrect assumptions and were overbroad because it was not clear

what standards of practice were referenced in the interrogatory.  (Docket # 46 at 20-22).

Nevertheless, Clement responded that he complied with DOCCS policies.  To the extent Clement

maintains that he complied with DOCCS policies, he should identify those policies.  If Reyes

seeks information relating to any other specific standards or policies, he must address that issue

through the conferral process.

        With respect to the remaining interrogatories (Interrogatory No. 17 (Morgan),

Interrogatory No. 2 (vonHagn, Oakes), Interrogatory No. 7 (vonHagn), Interrogatory No. 17

(vonHagn), Interrogatory No. 19 (vonHagn), Interrogatory Nos. 6-7 (Clement), Interrogatory No.

16 (Oakes), Interrogatory No. 3 (Gould, Weaver), Interrogatory No. 9 (Gould)), it appears that

defendants have responded to Reyes's questions.  Accordingly, to the extent Reyes is not

satisfied with defendants' responses, he must communicate his specific, outstanding concerns to

counsel.

      **D.**      **Responses to Requests for Admissions (Docket ## 47, 48)**

        Reyes takes issue with the vast majority of defendants' responses to his requests

for admission.  (Docket # 55 at 2-3).  Defendants maintain that they properly responded to each

request.  (Docket # 60 at ¶¶ 120-69).  As with Reyes's other discovery disputes, I find that he is

not entitled to the relief that he seeks because he has failed to fulfill his conferral obligations.

*See Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, *3 (W.D. Wash. 2014)

("[l]ike other motions to compel, a motion to determine the sufficiency of answers is also subject

to the requirements that the moving party attempt first to confer with the other side to avoid the

need for a hearing") (quotations and brackets omitted).

Several of Reyes's disputes appear to be nothing more than his disagreement with

defendants' answers in light of the facts of the case as he views them.  This is not a proper basis

upon which to challenge the sufficiency of defendants' answers.

The Court has reviewed defendants' responses.  With a handful of exceptions,

defendants appear to have responded to each request in accordance with Rule 36 of the Federal

Rules of Civil Procedure by either admitting the request, denying the request, admitting portions

of the request where possible, or stating their inability to admit or deny the request, with an

explanation for their inability to do so.  *See* Fed. R. Civ. P. 36; *see also Henry v. Champlain

Enters., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) ("[as] an alternative to denying the requested

admission[,] [a] party is permitted to . . . set forth in detail the reasons why the answering party

cannot truthfully admit or deny the matter") (internal quotations omitted).

There are several requests which defendants responded that they were unable to

admit or deny because they were unable to recall particular conversations, correspondence,

grievances, or other information.  (Docket # 48, Request Nos. 4-5, 7-9 (Wenderlich), Request

Nos. 4-5, 8-11, 22 (Farnham)).  I agree with Reyes that these responses should be supplemented

to indicate that defendants have made "a reasonable effort[] to secure information that is readily

obtainable from persons and documents within the responding party's relative control" and to

describe those efforts.  *Henry v. Champlain Enters., Inc.*, 212 F.R.D. at 78.

Several of Reyes's requests seek admissions regarding whether defendants were

aware of inmate complaints and whether they failed to investigate those complaints.  (Docket

# 48, Request Nos. 18-19 (Wenderlich), Request Nos. 20-21 (Farnham)).  Defendants objected to

these requests on the grounds that the requests assumed facts with which they disagreed. Although defendants are permitted to make those objections, they should respond to those portions of the requests, to the extent they can, that seek an admission as to whether they were aware of complaints (whether or not they disagree that the complaints were valid) and whether they failed to investigate those complaints.

Finally, several of Reyes's requests for admission seek admissions relating to an alleged relationship between two of the defendants.  (Docket # 47 at Requests Nos. 11-12 (vonHagn), Requests Nos. 8-9 (Clement)).  As discussed above, I discern no relevance to these requests.

### E.    Request for Costs

Reyes also seeks costs in connection with the motion.  (Docket # 55 at 3).  Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel is granted or if the "requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  Courts are afforded broad discretion in imposing sanctions. *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 642 (1976)).  A request for fees may be denied where (1) the movant did not make a good faith effort to resolve the dispute before filing the motion; (2) the non-moving party's failure to provide the discovery response was "substantially justified"; or (3) the award of fees would be unjust.  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Because Reyes did not make a good faith effort to resolve these disputes before filing the motion, he is not entitled to costs.  In any event, Reyes has failed to demonstrate his costs.  Accordingly, that portion of Reyes's motion seeking costs is denied.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i); *Lozano v. Peace*, 2005 WL 1629644, *2-3 (E.D.N.Y. 2005) (declining to grant request for costs where *pro se* plaintiff failed to demonstrate any expenditures).


**II.     Motions to Authorize Depositions Upon Written Questions**

On May 27, 2015, this Court entered a scheduling order setting deadlines for this litigation.  (Docket # 21).  At Reyes's request, the discovery deadline contained in the original scheduling order was extended on December 22, 2015.  (Docket ## 31, 32).  The amended order provided that all discovery was to be completed on or before March 15, 2016.  (Docket # 32).  Reyes subsequently requested that the deadline to file a motion to compel be extended, but did not request any additional extensions.  (Docket ## 51, 52).  On June 15, 2016, and August 17, 2016, well after the expiration of the discovery deadline, Reyes filed motions seeking to take depositions upon written questions of various non-party individuals.[4]  (Docket ## 58, 64).

Rule 16(b) directs the court to enter a scheduling order that limits the time to complete discovery.  Fed. R. Civ. P. 16(b)(3)(A).  A "scheduling [o]rder is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded ... without peril."  *General v. Ctr. for Disability Rights*, 2010 WL 3732198, *2 (W.D.N.Y. 2010) (internal quotation omitted).  Thus, the rule provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *Arnold v. Krause, Inc.*, 232 F.R.D. 58, 65 (W.D.N.Y. 2004)

---

[4]  Although not entirely clear, Reyes apparently seeks to pose questions to several witnesses that relate to claims concerning Reyes's incarceration at Attica Correctional Facility, which are not currently before the Court. (Docket # 58 at ¶¶ 1-3).  Additionally, Reyes seeks to pose questions to counsel for the defendants. (Docket ## 64 at ¶ 6; 64-14).

(no good cause to modify scheduling order to extend discovery when counsel made no attempts to conduct discovery until after deadline had passed), *aff'd and adopted*, 233 F.R.D. 126 (W.D.N.Y. 2005).  "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation omitted); *Kodak Graphic Commc'ns Canada Co. v. E.I. Du Pont de Nemours & Co.*, 2011 WL 6826650, *3 (W.D.N.Y. 2011) ("a district court is obliged to consider the diligence of the moving party, as the 'primary' consideration, and it *may* consider other factors such as the prejudice to the non-moving party, where the consideration of such other factors is necessary to a reasonable exercise of discretion") (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).

As discussed at length above, Reyes, a *pro se* litigant, has propounded voluminous discovery requests throughout the course of this litigation and has received a substantial amount of information from defendants.  Reyes has demonstrated that he is aware of the Court's scheduling deadlines and has sought extensions of those deadlines when he believed it was necessary.  Reyes's current motions were filed well beyond the deadline for discovery, and he has provided no explanation for his failure to seek these non-party depositions prior to the close of discovery.  (Docket ## 58, 64).  Under such circumstances, I am unable to find good cause to permit Reyes to conduct this additional discovery now.  Accordingly, Reyes's motions are denied.

**CONCLUSION**

Reyes's motion to compel **(Docket # 55)** is **DENIED without prejudice**.  The

parties are directed to confer in good faith in accordance with the directions herein.  Reyes's

motions to authorize written depositions **(Docket ## 58, 64)** are **DENIED**.

Further, the stay imposed in this Court's June 3, 2016 Order (Docket # 56) is

hereby vacated, and the scheduling deadlines are amended as follows:

1.      All dispositive motions shall be filed no later than **June 30, 2017**.  **NOTE:
If the dispositive motion is filed against a party who is appearing in this action** *pro se***, the
moving party must include the advisement set forth in the notice attached to this Order.**

2.      Responding papers are due by **July 31, 2017**.  Reply papers, if any, shall

be filed by **August 14, 2017**.  The motion will be taken under advisement without oral argument.

3.      If no dispositive motions are filed, defense counsel shall notify the Court

in writing on or before the dispositive motion deadline date.

4.      No extension of the above cutoff dates will be granted except upon written

joint motion, filed prior to the cutoff date, showing good cause for the extension.

5.      **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney
fails to obey this scheduling order or fails to participate in good faith, this Court will enter**

**appropriate sanctions against that party or that party's attorney, including dismissal of**

**this action, if appropriate.**

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        March 30, 2017

## *PRO SE* NOTICE

**Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rules 56(c) and (e) of the Federal Rules of Civil Procedure.  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.**

**In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint.  Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial.  Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits.  Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.**

**Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant.  If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true.  Judgment may then be entered in defendant's favor without a trial.**

**Pursuant to Rules 7(a) and 56(a) of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence.  In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted.  A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.**

**If plaintiff has any questions, he/she may direct them to the Pro Se Office.**

**Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 7(b) of the Local Rules of Civil Procedure for the Western District of New York.**